IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON CARLSON & MARION BENJAMIN CARLSON, | No. C 11-00356 SI |
| Plaintiffs, | **ORDER RE: DEFENDANT'S BILL OF COSTS** |
| v. | |
| CENTURY SURETY CO., | |
| Defendant. | |

Judgment was entered in favor of defendant Century Surety Co. in this insurance case on March 27, 2012. Century timely filed a bill of costs on April 10, 2012. In its bill of costs, Century Surety Co. seeks to recover a total of $9,530.67, consisting of (1) $4,071.99 in "Fees for service of summons and subpoena," (2) $4,291.55 in "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case," (3) $1,109.63 in "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case," and (4) $57.50 in docket fees. On April 20, 2012, plaintiffs Ron and Marion Carlson filed objections to the bill, specifically to categories (1) and (3). On April 25, 2012, Century filed a response to plaintiffs' objections, arguing the objections should be disregarded because plaintiffs' failed to satisfy the meet and confer requirement for objecting to bills of costs. Having reviewed the parties arguments, and for good cause shown, the Court OVERRULES IN PART and SUSTAINS IN PART plaintiffs' objections.

**LEGAL STANDARD**

Title 28 U.S.C. § 1920 authorizes a judge or clerk of the district court to tax costs. Pursuant to Federal Rule of Civil Procedure 54(d), costs incurred by the prevailing party may be assessed against the losing party and may be taxed by the clerk. "Unless a federal statute, these rules, or a court order

1  provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed.
2  R. Civ. P. 54(d)(1). "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties,
3  and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley*
4  *v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999). Taxable costs are listed in 28 U.S.C. § 1920
5  as follows:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

10 Civil Local Rule 54-3 provides additional "standards for interpreting the costs allowed under section
11 1920." *Intermedics v. Ventritex, Co.*, No. C-90-20233, 1993 U.S. Dist. LEXIS 17803, at *2 (N.D. Cal.
12 Dec. 2, 1993). The taxation of costs lies within the trial court's discretion. *In re Media Vision Tech.*
13 *Secs. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996).

14 According to Civil Local Rule 54-1(a), a bill of costs "must state separately and specifically each
15 item of taxable costs claimed." Civ. L.R. 54-1(a). Further, a party seeking costs must provide an
16 affidavit stating that the costs were "necessarily incurred, and are allowable by law" and "[a]ppropriate
17 documentation to support each item claimed." *Id*. With regard to individual itemized costs, "the burden
18 is on the party seeking costs . . . to establish the amount of compensable costs and expenses to which
19 it is entitled." *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248-49 (10th Cir. 2002).

20
21                                              **DISCUSSION**
22 Plaintiffs object to two categories of costs sought: "Fees for service of summons and subpoena,"
23 and "Fees for exemplification and the costs of making copies of any materials where the copies are
24 necessarily obtained for use in the case." Century argues that plaintiffs' objections should be
25 disregarded due to plaintiffs' failure to abide by the meet and confer requirement.

26 Regarding the latter argument, Local Rule 54-2(b) requires that any objections to a bill of costs
27 "must contain a representation that counsel met and conferred in an effort to resolve disagreement about
28 the taxable costs claimed in the bill . . . ." L.R. 54-2(b). Plaintiffs' objections did not contain such a

2

1 representation, and Century provides a declaration stating that plaintiffs made no effort to meet and
2 confer. Darling-Alderton Decl. ¶ 2. Following the filing of Century's response, plaintiffs did attempt
3 to meet and confer, and filed with the Court a declaration regarding that effort. Martini Decl. ¶¶ 4-5
4 (Doc. 89). Counsel is cautioned that meet and confer efforts regarding objections to bills of costs must
5 be attempted *prior* to filing objections with the Court. Nonetheless, the Court will consider plaintiffs'
6 objections here.

7 Plaintiffs object to the $4,071.99 sought for "Fees for Service of Summons and Subpoena."
8 Plaintiffs specifically object to the costs incurred by Century in attempting to locate witnesses and serve
9 deposition subpoenas. Local Rule 54-3(a)(2) provides for "Fees for Filing and Service of Process," and
10 states that "[f]ees of the marshal as set forth in 28 U.S.C. § 1921 are allowable to the extent actually
11 incurred. Fees for service of process by someone other than the marshal acting pursuant to Fed. R. Civ.
12 P. 4(c), are allowable to the extent reasonably required and actually incurred." Plaintiffs argue that
13 because the rule pertains to service of summons, Century cannot recover costs for service of deposition
14 subpoenas. This Court analyzed this question in *Avila v. Willits Environment*, 2009 WL 4254367, *5
15 (N.D. Cal. 2009):

> The Court reads this Rule to only award fees for service of process, which may be in the form of a summons or a writ. The record indicates that defendants were awarded fees for service of deposition subpoenas as well as various court documents, such as motions, declarations, and case management conference statements. The Court finds that service of these documents does not constitute "service of process" under the Local Rule and therefore, these costs are not recoverable.

20 *Id.*, *rev'd on other grounds, Avila v. Willits Environmental Remediation Trust*, 633 F.3d 828, 844-45
21 (9th Cir. 2011); *cf. Rodriguez v. General Dynamics Armament and Tech. Prods., Inc.*, 775 F.Supp.2d
22 1217, 1223 (D.Haw. 2011)(costs for service of deposition subpoenas taxable where Local Rule provides
23 "fees for service of process *and service of subpoenas* by someone other than the marshal are allowable
24 to the extent they are actually incurred."). Applying the *Avila* holding here, Century cannot tax costs
25 related to the deposition and trial subpoenas. The Court therefore SUSTAINS plaintiffs' objections to
26 the $4,071.99 sought for service fees.

27 Plaintiffs also object to the $1,109.63 sought for "Fees for exemplification and the cost of
28 making copies of any materials where the copies are necessarily obtained for use in the case." This

3

amount includes the $764.60 for an attorney service to obtain and copy the court file in the underlying action in state court, $291.52 Century paid to a copy service to obtain and copy documents Betty Low brought to a deposition, and $53.61 for documents "per a deposition subpoena issued to Prudential Real Estate." Darling-Alderton Decl. ¶ 5. Plaintiffs argue that the local rules do not allow for recovery of costs to copy third parties' documents. Pls.' Objs. at 2. However, with respect to the court files, Local Rule 54-3(d)(1) allows for recovery of costs "of reproducing and certifying or exemplifying government records used for any purpose in the case." The Court finds that this applies to the underlying court files, a type of "government records," and thus the $764.60 is taxable. Regarding the latter two sets of documents, Local Rule 54-3(d)(2) allows for recovery of costs "of reproducing disclosure or formal discovery documents when used for any purpose." Century states that Low's deposition documents and the Prudential documents were obtained through subpoenas and thus are formal discovery documents in this case. Def.'s Resp. at 3. The Court finds that the costs of copying these documents are recoverable as well. Plaintiffs' objections regarding the copying fees are OVERRULED.

## CONCLUSION

The objection to the "Fees for service of summons and subpoena" is SUSTAINED. The objection to the "Fees for Exemplification" is OVERRULED.

Century is awarded $4,291.55 for "Fees for printed or electronically recorded transcripts necessarily obtained in this case," $1,109.63 for "Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case," and $57.50 for "Docket fees under 28 U.S.C. § 1923," for a total of $5,458.68.

**IT IS SO ORDERED.**

Dated: July 5, 2012

SUSAN ILLSTON
United States District Judge

4